**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ENRIQUE CHAVEZ-RAMOS,

      Defendant - Appellant.

No. 97-2390
(D.C. No. CR-96-616-LH)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Defendant-Appellant Enrique Chavez-Ramos appeals from the judgment

entered on his guilty plea to charges that he conspired to distribute more than

1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2;

that he possessed with intent to distribute more than 100 kilograms of marijuana

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and that he

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

laundered money in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2. He challenges the sentencing court's calculation of his criminal history, arguing that he would have qualified for a downward departure under the safety valve provision of the Sentencing Guidelines, 18 U.S.C. § 3553(f), if the court had not improperly attributed one criminal history point to a prior drunk driving conviction.

His attorney has moved to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967), on the ground that Mr. Chavez-Ramos has not presented any nonfrivolous claims on appeal. Our jurisdiction arises under 18 U.S.C. § 3742(a) and 18 U.S.C. § 1291. We affirm the district court's judgment and grant his attorney's motion to withdraw.

Mr. Chavez-Ramos argues that the sentencing court erroneously considered his 1987 conviction for driving under the influence of alcohol ("DUI") in Globe, Arizona, and, on the basis of this error, denied him a two-level reduction under the safety valve provision. In his view, a first-time DUI should be analogized to the offenses listed in U.S.S.G. § 4A1.2(c), which are excluded from the calculation of a defendant's criminal history. This argument ignores both the commentary to § 4A1.2(c) and the established interpretation of that section in this and other circuits. Convictions for driving while intoxicated or under the influence of alcohol count toward the criminal history and are not considered

minor infractions.  See U.S.S.G. § 4A1.2(c), Commentary, Application note 5;

United States v. Walling, 974 F.2d 140, 142 (10th Cir. 1992); see also, e.g.,

United States v. Loeb, 45 F.3d 719, 722 (2nd Cir. 1995).  Because the DUI

conviction occurred within ten years of the onset of the instant offense, it satisfies

the requirements of § 4A1.2(e)(2) and § 4A1.1(c).  Mr. Chavez-Ramos does not

challenge the other criminal history points that the district court assessed.

Because we agree with the sentencing court's determination that Mr.

Chavez-Ramos had more than one criminal history point, we also hold that he

failed to qualify for the safety valve provision, which does not apply to

defendants with multiple criminal history points.  See 18 U.S.C. § 3553(f)(1).  His

attorney's motion to withdraw on the ground that Mr. Chavez-Ramos' appeal was

frivolous and in disregard of Tenth Circuit precedent is GRANTED.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge